IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JESSICA BAREFIELD, | ) |
| Plaintiff, | ) NO. 3:17-cv-01525 |
| v. | ) JUDGE RICHARDSON |
| JACKIE HILLMAN, et al. | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Pending before the Court are a Motion to Dismiss filed by Defendants Hillman and Normant (Doc. No. 33) and a Motion to Dismiss filed by Defendant Hommrich (Doc. No. 40).

## BACKGROUND

Plaintiff's Amended Complaint (Doc. No. 27) seeks damages, pursuant to 42 U.S.C. § 1983, for the death of her son, allegedly caused by Defendants in violation of the United States Constitution and federal law. Defendants are the Commissioner and three employees of the Tennessee Department of Children's Services. Plaintiff is the next of kin for her deceased son, TH, and brings this action on behalf of herself and her children (JB, FD and TB).

Plaintiff alleges that TH was placed into the custody of the State of Tennessee, Department of Children's Services ("DCS") in October 2016, when he was adjudicated delinquent by the Davidson County Juvenile Court. She contends that TH had been previously charged with possession of drug paraphernalia, weapons possession, aggravated burglary and violation of probation. Plaintiff claims that TH had a history of running away from home for extended periods of time and associating with gang members. Doc. No. 27.

Plaintiff avers that all Defendants, except Hommrich, had direct knowledge of TH's gang connections and his history of dangerous runaway activities when he entered state custody. She claims that TH's runaway predilection and oppositional behavior were duly noted in the Plan developed for TH by DCS. TH's initial placement by DCS was a halfway house. After consultation with Plaintiff, DCS moved TH to the Volunteer Youth Academy ("VYA"), a secure facility with heavy locked doors to prevent youth from "absconding," although TH was able to run away from VYA in April 2017. Doc. No. 27.

Plaintiff states that she was able to find TH about a week later and return him to state custody. She alleges that because of Defendants' "extremely deficient placement array for delinquent males," DCS was no longer able to place TH at VYA. Doc. No. 27 at ¶ 29. Ultimately, TH was placed into a foster home. Plaintiff asserts that TH ran away from the foster home on May 29, 2017, and was fatally shot on June 9. 2017. Doc. No. 27 at ¶¶ 38-40.

Plaintiff brings claims for violations of TH's substantive and procedural due process rights and violation of the Adoption Assistance Act ("AAA"). Defendants Hillman and Normant have moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss two of Plaintiff's claims, namely, the procedural due process claim and the claim for violation of the AAA. Doc. No. 33. Defendant Hommrich has moved, also under Rule 12(b)(6), to dismiss all claims against her because she did not directly participate in any decision concerning TH. Alternatively, she asks the Court to dismiss the claims asserting violation of procedural due process and the AAA. Doc. No. 40.

## **STANDARD ON MOTION TO DISMISS**

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that

is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion, including one couched as a factual allegation, need not be accepted as true on a motion to dismiss, nor are mere recitations of the elements of a cause of action sufficient. *Id*.; *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010), *cited in Abriq v. Hall*, 295 F. Supp. 3d 874, 877 (M.D. Tenn. 2018). Moreover, factual allegations that are merely *consistent* with the defendant's liability do not satisfy the claimant's burden, as mere consistency does not establish *plausibility* of entitlement to relief even if it supports the *possibility* of relief. *Iqbal*, 556 U.S. at 678.

In determining whether a complaint is sufficient under the standards of *Iqbal* and its predecessor and complementary case, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), it may be appropriate to "begin [the] analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. This can be crucial, as no such allegations count toward the plaintiff's goal of reaching plausibility of relief. To reiterate, such allegations include "bare assertions," formulaic recitation of the elements, and "conclusory" or "bold" allegations. *Id*. at 681. The question is whether the remaining allegations – factual allegations, *i.e.*, allegations of factual matter – plausibly suggest an entitlement to relief. *Id*. If not, the pleading fails to meet the standard of Federal Rule of Civil Procedure 8 and thus must be dismissed pursuant to Rule 12(b)(6). *Id*. at 683.

As a general rule, matters outside the pleadings may not be considered in ruling on a motion to dismiss under Rule 12(b)(6) unless the motion is converted to one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). When a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment. *Doe v. Ohio State Univ.,* 219 F.Supp.3d 645, 652-53 (S.D. Ohio 2016); *Blanch v. Trans Union, LLC*, __ F. Supp. 3d __ , 2018 WL 4561248 at * 2 (M.D. Tenn. Sept. 24, 2018).

## **PROCEDURAL DUE PROCESS**

Count II of the Amended Complaint alleges a violation of the right to procedural due process. The Due Process Clause of the Fourteenth Amendment guarantees that no State shall deprive any person of life, liberty, or property without due process of law. U.S. Const. amend. XIV.[1] Procedural due process claims are examined under a two-part analysis. First, the Court must determine whether the interest at stake is a protected life, liberty or property right under the Fourteenth Amendment. *Thomas v. Cohen*, 304 F. 3d 563, 576 (6th Cir. 2002). Only after identifying such a protected right does the Court continue to consider whether the deprivation of that interest contravened notions of due process. *Id.*; *see also 600 Marshall Entertainment Concepts, LLC v. City of Memphis*, 705 F. 3d 576, 587 (6th Cir. 2013).

Plaintiff's Amended Complaint alleges that state and local officials may create procedural due process rights. Doc. No. 27 at ¶ 52. Actually, the procedural due process rights at issue here are created only by the Constitution of the United States ("U.S. Constitution"). State and local law

---

[1] Procedural due process ensures that citizens have procedural safeguards prior to the deprivation of rights; substantive due process limits the impingement of certain fundamental rights regardless of process. *Thomas v. Cohen*, 304 F. 3d 563, 578 (6th Cir. 2002). Plaintiff alleges violation of both procedural and substantive due process, but Defendants' Motion addresses only the procedural due process claims.

4

may create property or liberty interests that are *protected* by due process, but it is the U.S. Constitution guarantees a citizen's right to due process of law.[2] Property interests are created, and their dimensions are defined, by existing rules or understandings that stem from an independent source such as state law. *Women's Medical Professional Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). Liberty interests include the right of an individual to contract, to engage in any of the common occupations of life, and generally to enjoy those privileges long recognized as essential to the ordinary pursuit of happiness by free persons. *Id.*

To establish a procedural due process claim, a plaintiff must show that (1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest by someone acting under color of state law; and (3) the state did not afford him adequate procedural rights prior to depriving him of his protected interest. *Women's Medical*, 438 F.3d at 611.

Plaintiff's Amended Complaint alleges that the State created, and then violated, two rights as to TH: (1) statutory rights to specific decision-making that required safe and suitable placements; and (2) quasi-contractual rights set forth in TH's Permanency Plan to place TH in a safe and suitable placement, specifically a home that would protect him from his runaway behaviors. Doc. No. 27 at ¶ 53.[3] Apparently these are the liberty and/or property interests of which

---

[2] *Williams v. City of Franklin, Tenn.*, 586 F. Supp. 2d 890, 898 (M.D. Tenn. 2008) (procedural due process component of Fourteenth Amendment protects those benefits to which an individual has a legitimate claim of entitlement, and such entitlements are created and their dimensions defined by existing rules or understandings that stem from an independent source such as state law).

[3] Plaintiff also asserts that state and local officials may create procedural due process rights when they enact statutes, rules, regulations or policies that are mandatory in nature if the following requirements are met: (1) the government policy contains substantive predicates that (2) require a mandatory outcome. Doc. No. 27 at ¶ 52. Plaintiff offers no authority for this assertion either.

5

she contends TH was deprived without due process, but Plaintiff does not identify authority for concluding that these two rights exist. Moreover, Plaintiff has failed to identify what procedural process was due; that is, what required procedural safeguards were violated when those alleged liberty and/or property rights were infringed. Deprivation of life, liberty or property interests *without due process* is a Fourteenth Amendment violation. Even if Plaintiff has identified rights that are protected, she has not alleged how TH was deprived of those rights *without due process*.

For example, the fundamental requirement of procedural due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *Heyne v. Metropolitan Nashville Public Schools*, 655 F.3d 556, 566 (6th Cir. 2011).The U.S. Constitution requires that the state provide fair procedures and an impartial decision-maker before infringing on a person's interest in life, liberty or property. *Id*. The essence of due process is the requirement that a person in jeopardy of serious loss be given notice of the case against him and an opportunity to meet it. *Gardner v. Evans*, 811 F.3d 843, 846 (6th Cir. 2016).

This Court found, in *Brian A. v. Sundquist*, 149 F. Supp. 2d 941 (M.D. Tenn. 2000), that the state laws there at issue gave the plaintiffs certain substantive rights – particular entitlements of which they could not be deprived without procedural due process. *Id*. at 955. The Court also found that the plaintiffs adequately alleged deprivation of their protected rights without procedural due process because the plaintiffs specifically alleged how the State denied them procedural due process—namely, by failing to provide them the judicial and quasi-judicial procedures called for by state law, by failing to conduct administrative or judicial reviews, by failing to conduct permanency hearings, and in summary ignoring the State's own prescribed procedures. *Id*. at 956.

In both *Meador v. Cabinet for Human Resources*, 902 F.2d 474 (6th Cir. 1990) and *Taylor by and through Walker v. Ledbetter*, 818 F.2d 791 (11th Cir. 1986), cited by the parties, the courts

found that certain state statutes gave children entitlement to protective services of which they could not be deprived without procedural due process of law. *Meador*, 901 F.2d at 477; *Taylor*, 818 F.2d at 798. It may or may not be true that certain state laws gave TH entitlement to protective services of which he could not be deprived without procedural due process of law. Either way, though, what Plaintiff has not adequately alleged is how the State failed to provide that procedural due process of law.

Plaintiff cites to four state statutes and various DCS policies that she alleges create TH's right to placement in a safe and suitable home. Doc. No. 39 at 9-10. She alleges that DCS deprived TH of that right. She acknowledges that this right is not a procedural right, but is an enforceable, substantive right. *Id*. at 10. That right, allegedly, could not be taken from TH without due process of law, but Plaintiff has failed to allege what process was provided to TH in conjunction with the alleged deprivation of that and how, if at all, such process was deficient under the Fourteenth Amendment.

Because Plaintiff has not sufficiently alleged the procedures to which TH was entitled and how he was denied those procedures in connection with the alleged deprivation of his life and liberty interest, Plaintiff's procedural due process claim fails. Defendants' Motion to Dismiss (Doc. Nos. 33 and 40) will be granted with respect to Count II on this basis.

## **ADOPTION ASSISTANCE ACT**

In Count III, Plaintiff claims that Defendants violated the Adoption Assistance Act ("AAA"), which requires that children be placed in facilities consistent with their individual needs and that services are provided in accordance with the individual child's plan. Doc. No. 27 at ¶ 57. Plaintiff asserts that, by placing TH in an insecure foster home, Defendants violated the AAA.

Defendants contend that monetary damages are not available in a Section 1983 action for violation of the AAA.

Section 1983[4] can be used to enforce federal statutes as well as constitutional provisions. *Henry A. v. Willden*, 678 F.3d 991, 1005 (11th Cir. 2012). Section 1983 is not available, however, to enforce a violation of a federal statute "where Congress has foreclosed such enforcement of the statute in the enactment itself and where the statute did not create enforceable rights, privileges or immunities within the meaning of Section 1983." *Brian A.*, 149 F. Supp. 2d at 945.

In *Brian A.*, noting a split of authority, this Court found that certain provisions of the AAA do create rights that are enforceable under Section 1983. *Id.* at 947 (collecting cases). The Court considered the three factors set forth in *Blessing v. Firestone*, 520 U.S. 329 (1997) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 510-11 (1990)): (1) whether Congress intended that the provision benefit the plaintiff; (2) whether the right allegedly protected by the statute is not so vague and amorphous that its enforcement would strain judicial competence; and (3) whether the statute unambiguously imposes a binding obligation on the States. *Id.* at 340. Applying these factors, the Court held that in general, foster children are the intended beneficiaries of the AAA; the language of the provisions at issue is mandatory; and the provisions are not too vague or amorphous to be enforced by the judiciary. *Brian A.*, 149 F. Supp. 2d at 947. The specific provisions at issue in that case were Sections 671, 675 and 622 of the AAA. *Id.* at 945-46.

Here, Plaintiff alleges violations of the provisions of Sections 671(a)(10) and 675(5)(A) and (I). Although Plaintiff cites to Section 671(a)(10), it is paragraph 671(a)(16) that requires

---

[4] Section 1983 provides a private right of action against anyone who subjects any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights or privileges secured by the Constitution and laws of the United States. *Rehbueg v. Paulk*, 566 U.S. 356, 361 (2012).

development of a case plan and a case review system with respect to each child. Section 675(5)(A) provides the definition and requirements for a "case review system."[5] Because the Court must construe the Complaint in favor of the Plaintiff, the Court will assume Plaintiff intended to cite to paragraph (a)(16).

For the reasons stated in *Brian A.* and the cases cited therein, the Court finds that the provisions of the AAA allegedly violated in this case do create rights that are enforceable under Section 1983. Foster children are the intended beneficiaries of the AAA. Moreover, the language of Sections 671 and 675 is mandatory; the State must meet these requirements to be eligible for funding. *Brian A.*, 149 F. Supp. 2d at 947. Plaintiff may or may not be able to establish a violation of the AAA, but Defendants' argument that monetary damages are not available for this claim fails.[6] Therefore, the Motion to Dismiss of Defendants Hillman and Normant (Doc. No. 33) will be denied with respect to Count III.

## DEFENDANT HOMMRICH'S MOTION

As noted above, Defendant Hommrich has moved to dismiss all claims against her because she did not directly participate in any decision concerning TH. Plaintiff has filed no response to Hommrich's Motion. If a timely response is not filed to a pending motion, the motion "shall be deemed to be unopposed." Local Rule 7.01(a)(3). Nonetheless, the Court is aware that it cannot grant a motion simply because the adverse party failed to respond. The Court is still required to

---

[5] Section 675(I) requires the provision, at no cost, to each child in foster care who has attained the age of 14, of a copy of any official documentation necessary to prove that he/she was previously in foster care. The Amended Complaint is not clear as to how Plaintiff contends this provision has been violated.

[6] Defendants cite to *Scrivner v. Andrews*, 816 F.2d 261 (6th Cir. 1987), but their reliance on *Scrivner* is futile. In *Scrivner*, the court held, in relevant part, only that the AAA does not create a right to "meaningful visitation" enforceable under Section 1983. *Id.* at 264. No such right is claimed in this lawsuit, so *Scrivner* is inapposite.

analyze the sufficiency of the allegations of the complaint, which are accepted as true at this stage of the proceedings. *Tyers v. GM Fin.*, Case No. 18-11604, 2018 WL 3458753 at * 2 (E.D. Mich. July 18, 2018) (citing *Bangura v. Hansen*, 434 F.3d 487, 497 (6th Cir. 2006)).

Defendant Hommrich asserts that Plaintiff has not even claimed that Hommrich made the placement decisions regarding TH or directly participated in them. The Amended Complaint alleges that all Defendants, *except for Hommrich*, had direct knowledge of TH's gang connections and history of dangerous runaway activities when he entered state custody. Doc. No. 27 at ¶ 18. It later asserts that, *upon information and belief*, Defendant Hommrich was personally aware of TH's predicament and would have personally known that he was a runaway risk in danger of gang victimization. *Id.* at ¶ 35.

A supervisory official, such as Hommrich, may not be liable for unconstitutional conduct of her subordinates unless, at a minimum, the plaintiff shows that the supervisor at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers. *Hendrix v. DeKalb Cty. Bd. of Educ.*, 186 F. Supp. 3d 779, 787 (M.D. Tenn. 2016). An official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it. *Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016). There are no allegations here that Hommrich implicitly authorized, approved or knowingly acquiesced in anything with regard to TH's placements. There is no allegation that Hommrich directly participated in those decisions.

Plaintiff's allegations based "on information and belief" are insufficient to carry her burden under the standard governing a motion to dismiss brought under Rule 12(b)(6). Allegations "upon information and belief" are "precisely the kinds of conclusory allegations that *Iqbal* and *Twombly*

condemned and thus told courts to ignore when evaluating a complaint's sufficiency. *16630 Southfield Lmt. P'ship*, 727 F.3d 502, 506 (6th Cir. 2013); *see also In re Darvocet, Darvon, and Propoxyphene Products Liability Litigation*, 756 F.3d 917, 931 (6th Cir. 2014).

For these reasons, Plaintiff has failed sufficiently to allege her claims against Defendant Hommrich in accordance with *Iqbal* and *Twombly*. Accordingly, Defendant Hommrich's Motion to Dismiss (Doc. No. 40) will be granted, and all claims against Defendant Hommrich will be dismissed with prejudice.

## **CONCLUSION**

For these reasons, the Motion to Dismiss filed by Defendants Hillman and Normant (Doc. No. 33) will be granted in part and denied in part, and the Motion to Dismiss filed by Defendant Hommrich (Doc. No. 40) will be granted.

An appropriate order will be entered.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE